1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ABDUL-JABBAR GBAJABIAMILA,                  CASE NO. 10-CV-740-IEG (WMC)

12                              Plaintiff,        **ORDER GRANTING**
             vs.                                  **DEFENDANT'S MOTION TO**
13                                                **DISMISS PLAINTIFF'S FIFTH**
                                                  **CAUSE OF ACTION OF THE**
14   ABERCROMBIE & FITCH, INC.;                   **FIRST AMENDED COMPLAINT**
     HOLLISTER CO.; and DOES 1 through 50,        **[Doc. No. 8];**
15   inclusive,

16                              Defendants.

17

18        Defendants Abercrombie & Fitch Stores, Inc. and Hollister Co., (collectively, "Defendants")

19   move the Court to dismiss the Fifth Cause of Action from Plaintiff Abdul-Jabbar Gbajabiamila's

20   ("Plaintiff") First Amended Complaint ("FAC") because it is time barred.  Plaintiff filed an opposition

21   and Defendants filed a reply.  Defendants' motion is suitable for disposition without oral argument

22   pursuant to Rule 7.1(d)(1).

23        For the reasons stated herein, the Court **GRANTS** Defendants' motion to dismiss.

24                              **FACTUAL BACKGROUND**

25        The following facts are drawn from Plaintiff's FAC. [Doc. No. 7]. On February 22, 2007,

26   Defendant Abercrombie & Fitch ("Abercrombie") hired Plaintiff, an African American male of

27   Nigerian descent, as Manager in Training for its Hollister Co. ("Hollister") store in El Cajon.  When

28   Plaintiff was hired, he wore an "Afro" hairstyle and was told he would be expected to comply with

Defendants' Look Policy ("the Look Policy"). (See FAC ¶¶12,13, 15, 16.) During the interview and hiring process Plaintiff was not told hair styled in "corn-rows" violated the Look Policy. (FAC ¶16.) Plaintiff was later provided Defendants' Employee Handbook containing the Look Policy, which stated employees were expected to maintain "clean, natural, and classic" hairstyles, and that styles consistent with Southern California's "surfer look" were preferred. (FAC ¶¶17-18.)

On or about ("on") May 22, 2007, Plaintiff appeared for work with his hair styled in corn-rows. (FAC ¶22.) On May 23, 2007, Plaintiff began a series of four conversations with management regarding whether Plaintiff would consider unbraiding his hair because his hairstyle did not comply with the Look Policy.(FAC ¶¶22-24.) Plaintiff's first discussion was with his immediate supervisor. (FAC ¶23.) His final conversation via telephone on June 12, 2007, was with Hollister's Director of Human Resources for the West Coast, who advised Plaintiff to consider the matter until his next schedule shift. (FAC ¶¶26-27.) Plaintiff then replied he did not intend to change his hairstyle, and Plaintiff's employment was terminated. (FAC ¶¶27-28.)

Plaintiff alleges his employment was terminated for refusing to adhere to and opposing Defendants' discriminatory grooming policy. He argues this violates "California's public policies prohibiting discrimination on the basis of race and color against employees, and prohibiting retaliation against employees who oppose race discrimination in employment, including the anti-discrimination and anti-retaliation" provision of the California Fair Employment and Housing Act ("FEHA") (Government Code §§ 12940 (a), (h), and (k), and Article I, Section 8 of the California Constitution. (FAC ¶¶70-71.)

**PROCEDURAL BACKGROUND**

Plaintiff commenced this action on April 9, 2010, alleging five causes of action: 1) Race discrimination in violation of 42 U.S.C. § 2000e et seq.-disparate treatment; 2) Race discrimination in violation of 42 U.S.C. § 2000e et seq.-disparate impact; 3) National Origin Discrimination in violation of 42 U.S.C. § 2000e et. Seq.; 4) Retaliation for Opposing Unlawful Employment Practice in violation of 42 U.S.C. § 2000e et. Seq.; and 5) Wrongful Termination in Violation of Public Policy. [Doc. No. 1]. Plaintiff subsequently filed the FAC on May 11, 2010. [Doc. No. 7]. Defendants filed the present Rule 12(b)(6) motion to dismiss Plaintiff's fifth cause of action as it is barred by California

1    Code of Civil Procedure Section 335.1's two year statute of limitations. [Doc. No. 8].

2                                     Legal Standard

3          A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests

4    the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v.

5    Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pled in the

6    complaint as true, and must construe them and draw all reasonable inferences from them in favor of

7    the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996).  To avoid

8    a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is

9    plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

10         "A statute of limitation defense may be raised by a motion to dismiss if the running of the

11   limitation period is apparent on the face of the complaint." Vaughan v. Grijalva, 927 F.2d 476, 479

12   (9th Cir. 1991) (citing Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).).  When a

13   federal court exercises supplemental jurisdiction over a state law claim, the district court follows state

14   law in deciding the substantive issues before the court. Crowe v. Wiltel Commc'ns Sys., 103 F. 3d

15   897, 899 (9th Cir. 1996) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).  Accordingly, where

16   as here a statute of limitations could serve to bar recovery in a state court, the district court applies the

17   same statute of limitations as would be applied if tried in a state court. See Guaranty Trust Co. of New

18   York v. York, 326 US 99, 110 (1945).

19         Although state law determines the length of the limitations period, '"the determination of the

20   point at which the limitations period begins to run is governed solely by federal law."' McCoy v. San

21   Francisco, City & County, 14 F.3d 28, 29 (9th Cir. 1994) (citation omitted).  Under federal law, the

22   running of the limitations period is commence by notice. See Id. "Thus a cause of action  generally

23   accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action."'

24   Id.(citation omitted); accord Romano v. Rockwell Int'l Inc., 14 Cal. 4th 479, 503 (1996) ("a cause of

25   action for wrongful discharge in violation of public policy accrues at the time of termination of

26   employment," and the statute of limitations "begins to run at the time of actual termination").

27         "When a motion to dismiss is based on the running of the statute of limitations it can be

28   granted only if the assertions of the complaint, read with the required liberality, would not permit the

1   plaintiff to prove that the statute was tolled." Jablon, 614 F. 2d at 682 (citing Leone v. Aetna Casualty

2   & Surety Co., 599 F.2d 566 (3rd Cir. 1979).  District courts applying a state's statute of limitations

3   must also apply the "state's equitable exceptions, to the extent these are consistent with federal law."

4   Emrich v. Touche Ross & Co., 846 F. 2d 1190, 1199 (9th Cir. 1988) (citations omitted).

5                                   **DISCUSSION**

6          Defendants argue Plaintiff's fifth cause of action is time barred.   Plaintiff's fifth cause of

7   action is a state law claim under this Court's exercise of supplemental jurisdiction.  Plaintiff states his

8   employment was terminated "on or about June 12, 2007." (FAC ¶28.)  Plaintiff filed the Complaint,

9   alleging wrongful termination in violation of public policy, on April 9, 2010. [Doc. No. 1].  In this

10  case, the running of the limitation period is readily discernible from the complaint and the facts

11  alleged in the complaint do not allow Plaintiff to prove the statute was tolled.

12         California Code of Civil Procedure section 335.1's two year statute of limitations applies to

13  a claim of wrongful termination in violation of public policy. Mathieu v. Norrell Corp., 115 Cal. App.

14  4th 1174, 1189 n.14 (2004).  Plaintiff does not dispute he filed his complaint ten months beyond the

15  applicable statute of limitations.  Rather, Plaintiff contends the statute of limitations was tolled during

16  the pendency of Plaintiff's Administrative Proceedings with the California Department of Fair

17  Employment ("DFEH") from September 2007 through October or November 2009.[1]  This argument

18  fails, however, because California does not extend equitable tolling to the period Plaintiff pursued a

19  complaint against Defendants with the DFEH. See Mathieu, 115 Cal. App. 4th at 1190.

20         **California's Tolling of the Limitations**

21         California generally tolls the statute of limitations "during the pendency of an earlier action

22  if there is 'timely notice, and lack of prejudice to the defendant, and reasonable and good faith conduct

23  on the part of the plaintiff'," even where the two actions are not identical. Retail Clerks Union Local

24  648 v. Hub Pharmacy, Inc., 707 F.2d 1030, 1033 (9th Cir. 1983) (citations omitted).  In addition to

25

26          [1]Plaintiff filed a complaint with the DFEH against Abercrombie, which issued an accusation
    on September 15, 2007.  The DFEH filed a charge on Plaintiff's behalf with the Equal Employment
27  Opportunity Commission on September 26, 2007.  The California Fair Employment and Housing
    Commission ("FEHC") issued a final decision on October 1, 2009, finding Abercrombie had not
28  violated the FEHA's race discrimination provision by firing Plaintiff. The FEHC's power to order
    reconsideration expired on November 2, 2009.

making the preceding inquiry, a determination must also be made that the controlling statute permits equitable tolling. McDonald v. Antelope Valley Comty. College Dist., 45 Cal. 4th 88, 105-06 (2008). When "the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action," tolling of the limitations period is automatic. Elkins v. Derby, 12 Cal. 3d 410, 414 (1974). Additionally, equitable tolling may also be available where a Plaintiff voluntarily pursues alternate remedies. McDonald, 45 Cal. 4th at 101 (holding FEHA claims may be equitably tolled during the period Plaintiff pursued employer's internal administrative procedures prior to filing a FEHA claim).

However, California Courts do not extend equitable tolling to permit "a plaintiff to delay filing a common law tort action" of wrongful termination in violation of public policy while a Plaintiff pursues a FEHA administrative claim. Mathieu, 115 Cal. App. 4th at 1189-1190 (explaining that a common law claim for wrongful termination in violation of public policy is independent of a FEHA administrative claim, and a plaintiff is "not in any way disadvantaged by having to file his or her nonstatutory claims before receiving a right-to-sue letter from the DFEH and, therefore, there is no basis for recognizing equitable tolling in this situation").

Because California does not apply equitable tolling to the common law claim of wrongful termination in violation of public policy when a Plaintiff has first pursued a FEHA claim, this Court cannot extend equitable tolling to Plaintiff's state law claim.[2]  Consequently, the running of the limitations period is apparent on the face of the complaint, and the Court need not engage in the practical fact-specific analysis to determine if Plaintiff satisfied the three elements required under California's equitable tolling doctrine. See Vaughan, 927 F. 2d at 479.

//

//

//

//

//

---

[2]Federal courts follow the substantive law as derived from the state's statutes and the state's highest court decisions. Vernon v. City of Los Angeles, 27 F.3d 1385, 1391 (9th Cir. 1994) (citations omitted).  In determining state law where the state's highest court has not yet ruled on an issue, a federal court properly considers the state appellate court opinions "to determine  what result the state supreme court would reach." Id. (citations omitted).

1

## CONCLUSION

2     Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiff's fifth cause of

3   action.

4     **IT IS SO ORDERED.**

5   **DATED:  August 10, 2010**

6                                    _Irma E. Gonzalez_
                                     **IRMA E. GONZALEZ, Chief Judge**
7                                    **United States District Court**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28